IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES KITCHENS, #241479, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-839-WHA |
| | ) |
| OFFICER SNEED, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

James Kitchens ("Kitchens"), an indigent inmate, initiated this 42 U.S.C. § 1983 challenging the constitutionality of actions taken against him during a prior term of incarceration at the Elmore Correctional Facility. The order of procedure entered in this case specifically directed Kitchens to immediately inform the court of any change in his address. *Order of November 22, 2013 - Doc. No. 7* at 5. On December 17, 2015, the court obtained information that the plaintiff was not at the last address he furnished for service. In light of the foregoing, the court entered an order requiring that the plaintiff show cause why this case should not be dismissed for his failure to inform the court of his current address. *Order of December 17, 2015 - Doc. No. 21*. The order specifically advised Kitchens that this case could not proceed if his whereabouts remained unknown and cautioned him that failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. The postal service returned this order because Kitchens was no longer at the last address

provided to the court.

As is clear from the foregoing, Kitchens has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Kitchens is no longer interested in the prosecution of this case as he has not kept the court informed of his correct address. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that on or before February 4, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 20th day of January, 2016.

                        /s/Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE